■ In the Matter of the Claim of HENRY GUTTERSON, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— REYNOLDS, J. Appeal by the claimant from a decision of the Unemployment Insurance Appeal Board ruling claimant ineligible for benefits effective September 12, 1966 on the ground he was not available for employment (Labor Law, § 591, subd. 2). Claimant attempted to return to his job after an extended illness and was told by his employer that he had been replaced but that if extra work were available he would be contacted. When his union told claimant that it could not reobtain his job for him, claimant filed for retirement and also unemployment benefits. The foregoing facts are subject to some dispute. The board thereafter ruled claimant ineligible for benefits on the basis that " The credible evidence indicates

that claimant has limited his opportunities to work by retiring from his union and thereby limiting himself to earnings of $1500 a year." Of course, whether a person is available for employment during a specific period is a question of fact (e.g., *Matter of Jensen* [*Catherwood*], 27 A D 2d 588), and thus, if supported by substantial evidence, the board's decision is final (Labor Law, § 623; *Matter of Weinberger* [*Catherwood*], 22 A D 2d 995). However, the mere fact that claimant retired on a pension does not automatically disqualify him from receiving unemployment benefits (see Labor Law, § 600; *Matter of Stringham* [*F & M Schafer Brewing Co.— Catherwood*], 29 A D 2d 582). Moreover, the only testimony in the record which even tends to support such a conclusion factually is claimant's admission that he knew that by filing for a union pension he was limited to earning no more than $1,500 a year without a reduction in his pension benefits. There is, however, no indication that claimant "agreed" to this nor proof that the union required such an agreement or gave preference to nonretired members and in fact all claimant's statements indicated that he wanted "to work full weeks". While the board may have felt that ordinarily no one would work full time if such resulted in a net loss in income, this would not occur here if claimant earned more than $3,675 ($1,500 earnings plus $2,175 pension and social security benefits) and the only indication in the record is that claimant is still capable of earning his previous wages of over $4,500, having earned almost $1,000 in three months working part time. Accordingly, we find no support in the present record for the board's determination and its decision must, therefore, be reversed and the matter remitted for a rehearing or other appropriate proceedings not inconsistent herewith. Decision reversed and matter remitted for a rehearing or other appropriate proceedings not inconsistent herewith, with costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Reynolds, J.